## ICKES v STATE

Ohio Appeals, 6th Dist, Sandusky Co

No 238.   Decided Nov 2, 1931

Stahl, Stahl & Stahl, Fremont, for plaintiff in error.

F. H. Buckingham, Prosecuting Attorney, Bellevue, and A. V. Bauman, Fremont, for defendant in error.

LLOYD, J.

The trial judge in his charge to the jury defined murder in the second degree and the included offense of manslaughter and instructed the jury as to the law applicable thereto, and then said to the jury that

"the defendant by her plea of not guilty denies her guilt, and the burden was on the state to prove her guilty of either crime. By that plea she did not offer any special defense but simply said she is not guilty of any offense. In her testimony on the stand, she denies having fired the shot that resulted in Henry Ickes' death, but says he

shot himself. If this is true and if the story she has told on the stand is true, then she cannot be convicted of either murder in the second degree or manslaughter, but must be acquitted. No one was present at the time of the shooting except the defendant and Henry Ickes and the defendant has given her version of it from the stand and of course the other party who was shot is not here to give his version and you will therefore have to determine the truth of the matter from all of the evidence in the case, from her testimony and that of all the other witnesses in the case, all the surrounding facts and circumstances as shown ¬y the evidence, what she said and did at the time and later, the appearance of the room where Henry Ickes was found, his condition when found, what he said and did, the facts shown by the evidence which will shed light on the question will be considered by you in determining the truth of her story, the truth or falsity of which you alone must determine."

A general exception was noted by counsel for the accused, to the charge of the court.

It is apparent that the jury was required, by the charge of the court, to accept as true either the facts as narrated by the accused on the witness stand, or the statements which the other witnesses testified were made by her, and in considering the latter was not permitted to do more than determine whether in fact she did the shooting and was denied consideration of whether, if she did the act alleged, it was done in self-defense. The jury was required by the trial judge to find, either that the story told by the accused when called as a witness was true, which would necessitate an acquittal, or, that the contradictory statement testified to by other witnesses as made by her was true, isolated and separated from the attendant circumstances narrated therein as the impelling cause.

This court is of the opinion that the issue of self-defense was made by and included in the evidence and that the trial court erred to the prejudice of the plaintiff in error in so charging the jury as to. exclude therefrom the consideration of the evidence adduced on this subject, and in failing to charge the jury with respect thereto. We do not believe, especially under the peculiar facts and circumstances of the instant case, that consideration of the conversations with the accused to which witnesses testified and the written statement taken by the police officers should be limited solely to the question of who held the revolver, who actually did the shooting,

but should be considered for any legal purpose which the facts thus stated tended to prove. If the accused did not shoot Ickes, she is not guilty. If she did shoot him, but under such circumstances as constituted a lawful excuse, then she is not guilty; if, without such excuse, then she is guilty. **Graham v State, 98 Oh St, 77, 81.**

The judgment of the Court of Common Pleas is reversed and the cause remanded for a new trial.

RICHARDS and WILLIAMS, JJ, concur.